UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Janessa Novak, individually and as Special Administrator for the Estate of Lance Novak, deceased, and on behalf of M.N. and H.N., minor children of the deceased, | Case No. 21-CV-81-jdp |
| Plaintiff, | |
| v. | |
| Michael McIlvain, in his individual capacity, Heather White, in her individual capacity, Joshua DeLong, in his individual capacity, Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, Douglas County, and MEnD Correctional Care, PLLC, | |
| Defendants, | |

**Stipulation for Protective Order**

The parties stipulate that the court may enter the following protective order:

**1**	**Definitions.**  As used in this protective order:

    (a)	"attorney" means an attorney who has appeared in this action;

    (b)	"confidential document" means a document designated as confidential under this protective order;

    (c)	to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not

    accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)  "document" means information disclosed or produced in discovery, including at a deposition;

(e)  "notice" or "notify" means written notice;

(f)  "party" means a party to this action; and

(g)  "protected document" means a document protected by a privilege or the work-product doctrine.

**2**   **Designating a Document or Deposition as Confidential.**

(a)  A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)  A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c)  Deposition testimony may be designated as confidential:

  (1)  on the record at the deposition; or

  (2)  after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d)  If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition

be taken in the presence of only those persons entitled to receive confidential documents.

**3  Who May Receive a Confidential Document.**

(a)  A confidential document may be used only in this action.

(b)  No person receiving a confidential document may reveal it, except to:

    (1)  the court and its staff;

    (2)  an attorney or an attorney's partner, associate, or staff;

    (3)  a person shown on the face of the confidential document to have authored or received it;

    (4)  a court reporter or videographer retained in connection with this action;

    (5)  a party (subject to paragraph 3(c)); and

    (6)  any person who:

        (A)  is retained to assist a party or attorney with this action; and

        (B)  signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Novak v. McIlvain, et al.* in the United States District Court for the Western District of Wisconsin.  As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

>   I declare under penalty of perjury that the foregoing is true and correct.

    (c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

    (d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**    **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**5**    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6**    **Use of a Confidential Document in Court.**

    (a)    Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with local rules and electronic filing procedures.

    (b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7**     **Changing a Confidential Document's Designation.**

    (a)     Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)     Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)     Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8**     **Handling a Confidential Document after Termination of Litigation.**

    (a)     Within 60 days after the termination of this action (including any appeals), each party must:

        (1)     return or destroy all confidential documents; and

        (2)     notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9** **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10** **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**     **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Stipulated to:  June 30, 2021

**NEWMARK STORMS DWORAK LLC**              **SIEBENCAREY, P.A.**

/s/ Jeffrey S. Storms
/s/ Paul C. Dworak                                              /s/ Jeffrey M. Montpetit
Jeffrey S. Storms, #387240                              Jeffrey M. Montpetit, #291249
Paul C. Dworak, #391070                                901 Marquette Avenue, Suite 500
150 South Fifth Street, Suite 1850                  Minneapolis, MN 55402
Minneapolis, MN 55402                                    Telephone: 612.333.4500
Telephone: 612.455.7050                                 Fax: 612.455.7051
Fax: 612.455.7051                                              jeffrey.montpetit@knowyourrights.com
jeff@newmarkstorms.com
paul@newmarkstorms.com

*Attorneys for Plaintiff*

CRIVELLO CARLSON, S.C.
Attorneys for Defendants Michael McIlvain, Heather White, Joshua DeLong and Douglas County


By: */s/ Timothy M. Johnson*
    SAMUEL C. HALL, JR.
    State Bar No.: 1045476
    ANDREW C. GOLDNER
    State Bar No.: 1105150
    TIMOTHY M. JOHNSON
    State Bar No. 1052888
    710 North Plankinton Avenue
    Suite 500
    Milwaukee, WI 53203
    Phone: 414-271-7722
    Email: shall@crivellocarlson.com
          agoldner@crivellocarlson.com
          tjohnson@crivellocarlson.com

**OTJEN LAW FIRM, S.C.**
Attorney for MEnD Correctional Care and
Todd Leonard, M.D.

*/s/ Jason J. Franckowiak*
Jason J. Franckowiak, SBN 1030873

**PO ADDRESS:**
20935 Swenson Drive, Suite 310
Waukesha, WI 53186
Phone: 262-777-2222
Fax: 262-777-2201
jfranckowiak@otjen.com

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ .

My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 21-CV-81-jdp, pending in the United States District Court for Western District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

I acknowledge the obligations imposed by the Protective Order shall survive the termination of this action.

I submit myself to the jurisdiction of United States District Court of Western District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____   _____
                  (Date)                                          (Signature)