IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANESSA NOVAK, individually and as
Special Administrator for the ESTATE OF
LANCE NOVAK, deceased, and on behalf of
M.N. and H.N., minor children of the
deceased,

        Plaintiff,

v.

MICHAEL MCILVAIN, in his individual capacity,
HEATHER WHITE, in her individual capacity,
JOSHUA DELONG, in his individual capacity,
TODD LEONARD, M.D., in his individual capacity,
JANE DOES 1-3, in their individual capacities,
DOUGLAS COUNTY, and
MEnD CORRECTIONAL CARE, PLLC,

        Defendants.

Case No. 21-CV-81

---

## ANSWER OF TODD LEONARD, M.D. AND MEnD CORRECTIONAL CARE, PLLC TO CROSS CLAIM FOR CONTRIBUTION AND INDEMNITY OF DEFENDANTS MICHAEL MCILVAIN, HEATHER WHITE, JOSHUA DELONG, AND DOUGLAS COUNTY

---

NOW COMES the Defendants, Todd Leonard, M.D. and MEnD Correctional Care, PLLC, by their Attorneys, Otjen Law Firm, S.C., and as and for an Answer to the Cross Claim of Michael McIlvain, Heather, White, Joshua DeLong, and Douglas County, allege and show to the Court as follows:

1.     Michael McIlvain, Heather White, Joshua DeLong and Douglas County adopts and reasserts the allegations of the Complaint, and all prior Answers and Affirmative Defenses previously filed herein by the County.

**ANSWER:**  In answer to ¶ 1 of the Cross Claim, the Cross-Claim defendants adopt and reassert all prior answers and affirmative defenses previously filed in the instant lawsuit by them.

2. At all times material hereto, Douglas County contracted with MEnD Correctional Care, PLLC, to provide all medical care to its inmates and detainees.

**ANSWER:**  In answer to ¶ 2 of the Cross Claim, admit that MEnD Correctional Care, PLLC contracted with Douglas County to provide certain services, the specifics and duration of which are governed by the terms of any pertinent contract.  As to any and all further allegations contained in ¶ 2, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming Defendants to their strict proof thereon.

3. At all times material hereto, Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD were responsible for providing medical care to inmates and detainees.

**ANSWER:**  In answer to ¶ 3 of the Cross Claim, admit that MEnD has rendered certain services to inmates or detainees of Douglas County, the specifics of which are governed by the terms of any pertinent contract.  As to any other further allegations contained in ¶ 3 of the Cross Claim, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming defendants to their strict proof thereon.

4. Plaintiffs' alleged damages and the damages incurred by Michael McIlvain, Heather White, Joshua DeLong and Douglas County in defending this matter arise from alleged wrongful acts of Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual

capacities, and MEnD, and alleged joint wrongful acts of Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD.

**ANSWER:**   In answer to ¶ 4 of the Cross Claim, deny each and every allegation asserted therein.

5.   Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD agreed to hold the County harmless and owes Michael McIlvain, Heather White, Joshua DeLong and Douglas County indemnity under the Contract for all costs of defense and all other damages, if any, related to the Plaintiffs' claims in this matter.

**ANSWER:**   In answer to ¶ 5 of the Cross Claim, deny that any Cross-Claim Defendants bear any liability to any party for any claim asserted by the Plaintiffs.  Deny that any individual not a signatory to a contract may be bound by that contract.  Deny that any Cross-Claim Defendants owe any duty to hold the County harmless under the allegations of Plaintiffs' complaint.  Deny that any Cross-Claim Defendants owe Michael McIlvain, Heather White, Joshua DeLong or Douglas County indemnity under any of the allegations in Plaintiffs' complaint.  In answer to any and all further allegations contained within ¶ 5 of the Cross Claim, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming Defendants to their strict proof thereon.

6.   Based upon the Plaintiffs' claims, Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD owes Michael McIlvain, Heather White, Joshua DeLong and Douglas County contribution for any liability for the Plaintiffs' claims.

**ANSWER:**   In answer to ¶ 6 of the Cross Claim, deny that any Cross-Claim Defendants bear any liability to any party on any of the claims asserted by the Plaintiffs.  Deny that any Cross-Claim Defendants owe any duty of contribution to Michael McIlvain, Heather White, Joshua

DeLong or Douglas County under any of the allegations of Plaintiffs' Amended Complaint or Defendants' Cross Claim. As to any and all further allegations contained within ¶ 6 of the Cross Claim, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming Defendants to their strict proof thereon.

7. To date, Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD have not indemnified Michael McIlvain, Heather White, Joshua DeLong and Douglas County for any damages or expenses incurred in this matter.

**ANSWER:** In answer to ¶ 7 of the Cross Claim, admit that Cross-Claim Defendants have not indemnified Michael McIlvain, Heather White, Joshua DeLong or Douglas County for any damages or expenses allegedly incurred in this matter. Deny that any Cross-Claim Defendants owe any duty to indemnify Michael McIlvain, Heather White, Joshua DeLong or Douglas County for any damages or expenses, under the allegations of the Plaintiffs Complaint, or under the allegations of this Cross Claim. As to any and all further allegations contained in ¶ 7 of the Cross Claim, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming Defendants to their strict proof thereon.

8. Michael McIlvain, Heather White, Joshua DeLong and Douglas County have been damaged and will continue to be damaged by incurring expenses and liability, if any, to the Plaintiffs for their claims.

**ANSWER:** In answer to ¶ 8 of the Cross Claim, deny that any Cross-Claim Defendants are responsible for any damages or expenses allegedly incurred by Michael McIlvain, Heather White, Joshua DeLong or Douglas County. As to any and all further allegations contained in ¶ 8

of the Cross Claim, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the cross-claiming Defendants to their strict proof thereon.

WHEREFORE, the County demands judgment as follows:

a. Dismissal of the Plaintiff's claims and Complaint on the merits and with prejudice;

**ANSWER:** In answer to the County's demand under ¶ "a" of the Cross-Claim's "Wherefore Clause," admit that Plaintiffs' claims and Amended Complaint should be dismissed on the merits and with prejudice.

b. For judgment for contribution and/or indemnification and/or reimbursement by Co-Defendant Todd Leonard, M.D., in his individual capacity, Jane Does 1-3, in their individual capacities, and MEnD; and

**ANSWER:** In answer to the County's demands under ¶ "b" of the Cross Claim's "Wherefore Clause," deny that any cross-claiming party is entitled to contribution, indemnification, reimbursement, or any other relief from any Cross-Claim Defendants.

c. For any other remedies the Court may deem just and equitable.

**ANSWER:** In answer to the demand of the County under ¶ "c" of the Cross-Claim's "Wherefore Clause," deny that any cross-claiming party is entitled to any remedy whatsoever from any Cross-Claim Defendants.

## AFFIRMATIVE DEFENSES

As and for Affirmative Defenses to Plaintiffs' Cross-Claim, the Cross-Claim Defendants hereby state and assert as follows:

1. Any contract existing between MEnD and Douglas County at any time is limited to its signatories and is subject to all terms, conditions and limitations contained therein.

2. The cross-claiming parties have failed to state a claim upon which any of the Cross-Claim Defendants may be liable.

3. These answering Cross-Claim Defendants hereby reference and adopt as if set forth fully herein, all affirmative defenses set forth by Cross-Claim Defendants or any other defendant in the instant lawsuit in response to the Plaintiffs' Complaint and/or Amended Complaint.

Dated this 9th day of July, 2021.

**OTJEN LAW FIRM, S.C.**
Attorney for MEnD Correctional Care, PLLC
and Todd Leonard, M.D.

*s/ Jason J. Franckowiak*
Jason J. Franckowiak, SBN 1030873

**PO ADDRESS:**
20935 Swenson Drive, Suite 310
Waukesha, WI 53186
Phone: 262-777-2222
Fax: 262-777-2201
jfranckowiak@otjen.com